UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GL 14-01954-jtg

LORI J WEBSTER,                                           Chapter 7

                                                          Hon. John T. Gregg

            Debtor.

_____/

LAW OFFICE OF TODD J. STEARN and
JAMES MCALISTER,

            Plaintiffs,                                   Adv. Proc. No. 14-80173

v.

LORI J WEBSTER,

            Defendant.

_____/

**PRETRIAL ORDER**

On March 23, 2014, Lori J. Webster ("Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Approximately four months later, the Law Office of Todd J. Stearn and James McAlister, in his individual capacity (collectively, the "Plaintiffs"), filed a complaint seeking to have the Defendant's discharge denied pursuant to 11 U.S.C. § 727. Thereafter, the Plaintiff timely filed an answer to the complaint. This court entered an order establishing certain deadlines and scheduling a pretrial conference.

On September 26, 2014, this court conducted a pretrial conference in this matter. Appearing at the pretrial conference were:

    Tadd Klimmek, counsel for Plaintiffs; and
    Daniel Pawluk, counsel for Defendant.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

**JURISDICTION**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (determination as to dischargeability of particular debts).

### ISSUES

1. Whether Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2) (concealment of property of the estate with intent to hinder, defraud, or delay creditors).

2. Whether Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) (false oath or account in connection with the case).

### DISCOVERY

As the complaint in this matter and the Plaintiffs' Motion to Dismiss filed in the base case raise similar factual issues, discovery shall be conducted on the same timeline set forth in the court's scheduling order on the Motion to Dismiss [Dkt. No. 37].  Discovery shall be conducted on the issues raised in the complaint, the factual issues raised in the answer, and such other issues as may arise during the course of the parties' discovery.

The parties shall complete discovery by October 20, 2014.

### PLEADINGS

The parties believe that the pleadings are in order.  In the event that any party desires to file an amended pleading, such pleading shall only be filed upon stipulation by the other party or pursuant to court order, after filing a motion to amend.

### DISPOSITIVE MOTIONS

Dispositive motions shall be filed by November 19, 2014.  The parties shall have 14 days to respond to any such dispositive motion.  No replies shall be permitted absent leave of the court.

### WITNESS LISTS AND EXCHANGE OF EXHIBITS

The parties shall exchange their respective witness lists on or before December 5, 2014. Each party shall file its witness list with the court.  If a party fails to disclose the identity of a prospective witness, the court may prohibit such witness from providing testimony.  The parties shall exchange copies of all exhibits they intend to introduce into evidence, file their respective witness lists and transmit two sets of hard copies of all exhibits to the court and provide a copy at trial for use by testifying witnesses by no later than December 9, 2014 (the "Exhibit Deadline").

In the absence of written objections to proposed exhibits filed and served not later than 7 days after the Exhibit Deadline, the court will admit proposed exhibits into evidence at trial without the need for authentication; provided, however, that parties may still object at trial to an exhibit based on hearsay, relevancy, or any other grounds other than authenticity, and may argue the weight of an exhibit.

**SETTLEMENT**

The court encourages settlement.  In the event that the parties wish to mediate the dispute, the parties are encouraged to so inform the court.  Mediation, however, is not mandatory.

**TRIAL DATE AND LOCATION**

This matter and the Plaintiffs' Motion to Dismiss shall be scheduled for a consolidated trial on **December 19, 2014 at 1:30 p.m.** at the United States Bankruptcy Court, U.S. Post Office & Federal Courthouse, 315 West Allegan Street, Room 101, Lansing, Michigan.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and L.B.R. 5005-4 upon: (i) Daniel Pawluk, Esq., (ii) Tadd Klimmek, Esq., (iii) Kelly M. Hagan, Esq., and (iv) the Office of the United States Trustee.

[END OF ORDER]

Signed: October 1, 2014





John T. Gregg
United States Bankruptcy Judge